UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF FLORIDA
PENSCOLA DIVISION

| | |
|---|---|
| **KIMBERLY McCARTNEY** AN INDIVIDUAL, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED, | CASE NO.: 3:22-CV-22077 |
| Plaintiff, | |
| vs. | |
| **COMMAND INVESTIGATIONS, LLC,** | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | |
| _____/ | |

# COMPLAINT

Plaintiff, **KIMBERLY McCARTNEY** ("Plaintiff"), on behalf of herself and all others similarly situated, brings this action against Defendant, **COMMAND INVESTIGATIONS, LLC** ("Defendant"), seeking damages for unpaid wages and other damages and asserts as follows:

## COUNT I
## COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

### *INTRODUCTION*

This is an action brought by Plaintiff, individually and as a representative for a collective action, against her employer, Defendant, for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* The Plaintiff

and the putative class members allege that they were not properly paid the overtime premium pay for the hours worked over forty (40) per week, even though they were "non-exempt" employees, and thus entitled to such wages under federal law.

## STATEMENT OF FACTS

1. This Court has jurisdiction over this matter as this matter arises out of federal statute, to wit: the Fair Labor Standards Act.

2. Plaintiff is an adult individual residing in Escambia County Florida.

3. Plaintiff works out of her home in Santa Rosa County, Florida and routinely transacts business in this district, including Escambia, Santa Rosa, Walton, Okaloosa, Walton and Bay counties in Florida. As such, venue is proper in this Court.

4. Plaintiff brings this action individually and collectively for the following persons:

    All workers who were employed by Defendant as a Surveillance Investigator, SUI Investigator, or other similar position, spent all or part of their workweek performing tasks typically associated with the job of a SIU and Surveillance

COMPLAINT
*Kimberly McCartney v. Command Investigations, LLC*

Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **2** of **18**

investigator, were entitled to overtime pay for the hours over forty (40) in any workweek, and who worked for the Defendant within the last three years.

5. At all material times, Plaintiff was employed by Defendant as a SUI Investigator and Surveillance Investigator during the three-year period preceding the filing of this Complaint and performed work for Defendant in the State of Florida and in this District.

6. Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).  **See Exhibit A.**

7. Defendant, COMMAND INVESTIGATIONS, LLC, is a Florida Limited Liability Company with its principal address located at 250 International Parkway, Suite 100, Lake Mary, FL 32746.

8. Defendant transacts business in this District.

9. During all times material to this complaint, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. During all times material to this complaint, Defendant was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and an enterprise engaged in commerce or in the production of goods for

COMPLAINT
*Kimberly McCartney v. Command Investigations, LLC*

Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **3** of **18**

commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

11. During all times material to this Complaint, Plaintiff and the putative class members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(d).

12. Defendant COMMAND INVESTIGATIONS, LLC provides surveillance services for customers such as surveillance, background investigations, social media monitoring, command center, etc throughout the United States.

13. At all times material herein, Defendant is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

14. Defendant, COMMAND INVESTIGATIONS, LLC, at all times material, had annual revenue of at least five hundred thousand dollars ($500,000.00) and is subject to the FLSA.

15. During the three (3) years before the date on which this Complaint was filed, Plaintiff was employed by Defendant as a SUI Investigator and Surveillance Investigator wherein Plaintiff provided services typically associated with SUI Investigator and Surveillance Investigator to

COMPLAINT
*Kimberly McCartney v. Command Investigations, LLC*

Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **4** of **18**

Defendant's customers.

16. Plaintiff worked as an investigator for workers compensation cases, burglary cases, etc. as Defendant's employee.

17. Plaintiff worked as an investigator for workers compensation cases, burglary cases, etc. for the Defendant for matters that occurred both inside and outside of the state of Florida, i.e.-the cases for which the Plaintiff worked were for claims outside of the State of Florida.

18. At all times material, Plaintiff is Defendant's "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

19. At all times material, Defendant employed Plaintiff and at least one additional SUI Investigator and Surveillance Investigator who performed the same or similar job as Plaintiff.

20. When Plaintiff worked for the Defendant, the Plaintiff was paid per hour, but she was paid one rate of pay for time spent performing investigation/SIU investigation work, and was paid a different/lower rate of pay for time spent traveling.

21. When the Plaintiff was paid overtime, the Defendant paid the Plaintiff overtime premium pay based on the hourly rate for the work activity being

COMPLAINT
*Kimberly McCartney v. Command Investigations, LLC*

Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **5** of **18**

performed at the specific time.

22. Defendant was at all times material Plaintiff's employer and was an enterprise engaged in interstate commerce and subject to the FLSA.

23. In addition to the above described activity, Defendant's, as part of their business, would engage in interstate commerce:

   a. By transacting business with foreign corporations which were part of interstate commerce, purchasing equipment, materials, parts, and supplies from dealers, wholesalers, suppliers, and retailers outside the state of Florida, which were part of interstate commerce;

   b. By advertising on the World Wide Web and other mediums to potential clients outside the State of Florida; and/or

   c. By transacting business across state lines, all of which are part of interstate commerce.

   d. By performing surveillance or other claims management services on cases that were pending or concerning claims outside of the state of Florida.

24. Furthermore, Defendant obtained, exchanged, and sent/received funds to and from areas outside of the State of Florida and to the State of Florida,

COMPLAINT
Kimberly McCartney v. Command Investigations, LLC
Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
www.JJCanHelp.com
Page **6** of **18**

used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

25. Defendant supervised the operations of the business, including hiring and firing employees, determining compensation policies and procedures, setting work schedules for the employees, and providing work assignments for employees.

26. At all times material herein, Defendant controlled Plaintiff, and the opt in Plaintiffs, day to day activities, supervised, and/or had operational control over them, were responsible for hiring, had the ability to terminate them, and could set their rate of pay/determining if the minimum wage or overtime was to be paid.

27. Defendant also controlled Plaintiff's, and the opt in Plaintiffs, work schedule including the number of days and hours worked, determining and assigning work duties, and supervising them.

28. Plaintiff, and the opt in Plaintiffs, were also covered by the FLSA as they utilized the instrumentalities of interstate commerce while performing

COMPLAINT
*Kimberly McCartney v. Command Investigations, LLC*

Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **7** of **18**

duties for Defendant.

29. As noted herein, the Plaintiff performed work in interstate commerce, including traveling in interstate commerce, performing case management activities for insurance claims or matters that are from states other than the State of Florida that were part of interstate commerce, by sending claim notes and investigation notes in interstate commerce, and by regularly using and/or facilitating interstate commerce, including but not limited to using the US Mail, telephone or the internet/email.

30. Plaintiff, and the opt in Plaintiffs, were "non-exempt" employees of Defendant.

31. Plaintiff, and the opt in Plaintiffs, was hourly employees of Defendant and did not earn commission.

32. Plaintiff, and the opt in Plaintiffs, worked the number of hours required by Defendant but were not properly paid the overtime premium pay for each and every hour worked over forty (40) hours during a work week.

33. Defendant suffered and permitted Plaintiff, and the opt in Plaintiffs, to work as its employees, but did not pay the appropriate rate for all work that Plaintiff, and the opt in Plaintiffs, performed for them over forty (40) hours

COMPLAINT
*Kimberly McCartney v. Command Investigations, LLC*

Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **8** of **18**

in a work week.

34. Defendant was involved in, and responsible for, paying for work performed.

35. The records concerning the hours worked by Plaintiff, and the opt in Plaintiffs, are in the exclusive possession and custody and control of Defendant. Therefore, Plaintiff is unable to determine and state the exact amount of damages due.

36. Defendant is liable to Plaintiff, and the opt in Plaintiffs, for unpaid wages under the FLSA as an employer.

37. Defendant's actions in failing and/or refusing to pay Plaintiff, and the opt in Plaintiffs, the applicable overtime compensation, at the proper rate, as required by the FLSA, were willful and not in good faith.

38. Because of Defendant's failure/refusal to pay Plaintiff, and the opt in Plaintiffs, in accordance with the FLSA, Plaintiff has retained the undersigned attorneys to prosecute this cause of action for unpaid overtime wages under the FLSA.

39. Plaintiff brings this action on behalf of herself and all workers who were and/or are employed by Defendant as a SUI Investigator and Surveillance

COMPLAINT
*Kimberly McCartney v. Command Investigations, LLC*

Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **9** of **18**

Investigator (or similar position), and did not properly receive overtime premium compensation/pay for hours worked over forty (40) per workweek during the last three years.

40. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages/overtime compensation, liquidated damages, attorney's fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as her own, in bringing this action.

41. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

42. Plaintiff estimates that there are over fifty (50) potential opt in Plaintiffs who are eligible to join this lawsuit.

COMPLAINT
*Kimberly McCartney v. Command Investigations, LLC*

Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **10** of **18**

43. As employees of Defendant, Plaintiff and the opt in Plaintiffs, worked hours in excess of the maximum weekly hours permitted under the FLSA but were not properly paid overtime for those excess hours.

44. Plaintiff and the putative class members do not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

45. Throughout Plaintiff's and the putative class members' employment, Defendant has known that Plaintiff and the putative class members was not exempt from the wage and overtime obligations imposed by the FLSA.

46. Defendant knew that they were required to pay Plaintiff and the putative class members overtime compensation for all hours worked in excess of 40 hours in a work week. In spite of such knowledge, Defendant willfully failed to properly pay overtime wages and overtime compensation to which Plaintiff and the opt in Plaintiffs were entitled.

47. Pursuant to the FLSA, Plaintiff, and the opt in Plaintiffs, are entitled to compensation for unpaid overtime at a rate of one and one half times their regular rate. Because Defendant's failure to pay such wages was willful pursuant to 28 U.S.C. § 255(a), Plaintiff and the putative class members are entitled to these wages dating back three years.

COMPLAINT
*Kimberly McCartney v. Command Investigations, LLC*

Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **11** of **18**

48. The identity of all the putative class members is unknown at this time, but is known to Defendant, and is set forth in Defendant's records. Plaintiff is entitled to review these records and immediately identify the putative class members who have a right to join this collective action.

49. The exact amount of compensation, including overtime compensation that Defendant's has failed to pay Plaintiff and the putative class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant's or were not kept by them.

50. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff and those similarly situated to her are entitled to review their records of hours worked to determine the exact amount of overtime owed by Defendant. Absent Defendant keeping these records as required by law, Plaintiff and the putative class members are entitled to submit their information about the number of hours worked.

51. The Defendant violated the FLSA by failing to keep proper and adequate time records of the time the Plaintiff and the opt-in Plaintiff's worked.

COMPLAINT
*Kimberly McCartney v. Command Investigations, LLC*

Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **12** of **18**

52. Defendant failure to pay Plaintiff and the putative class members compensation for all hours worked and/or at the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA. Pursuant to 20 U.S.C. § 216(b), Plaintiff and the putative class members are therefore entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

53. Plaintiff has been required to file this action as the result of Defendant's actions in failing to pay Plaintiff and the putative class members proper compensation. As such, Plaintiff and the putative class members are entitled to attorney's fees and costs incurred pursuant to 28 U.S.C. §216(b).

WHEREFORE, Plaintiff, and all those similarly situated, request judgment against Defendant as follows:

A.   Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.   Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all potential class members that this litigation is pending and that they have the right to "opt in" to this litigation;

COMPLAINT
*Kimberly McCartney v. Command Investigations, LLC*

Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **13** of **18**

  C. Award Plaintiff and the putative class members their unpaid wages, including overtime wages, as to be determined at trial together with any liquidated damages allowed by law;

  D. Find that the Defendant violated the FLSA by failing to keep accurate time records and pay records for the Plaintiff and opt-in Plaintiffs.

  E. Find that the Defendant's violation of the FLSA was willful;

  F. Declare that the Defendant violated the FLSA by failing to keep accurate time records and pay records.

  G. Grant judgment against Defendant's for all damage, relief, or any other recovery whatsoever;

  H. Award Plaintiff and the putative class members their reasonable costs and attorney's fees necessarily incurred herein; and

  I. Award Plaintiff and the putative class members such other and further relief as the Court deems just and proper.

## COUNT II

54. Plaintiff re-alleges paragraphs one (1) through fifty-three (53) above as if fully set forth herein.

55. Defendant agreed to pay the Plaintiff for the time she worked as an

COMPLAINT
*Kimberly McCartney v. Command Investigations, LLC*

Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **14** of **18**

employee, including paying her for time performing investigation services and for time wherein she traveled for the Defendant.

56. Defendant breached their agreement to pay the Plaintiff for all hours that she worked.

57. Defendant knew that the Plaintiff was not being paid for all hours that she worked but still refused to pay her for said hours and refused to include the work time in her pay.

58. Defendant breached its agreement to pay the Plaintiff.

59. As a result of the Defendant's breach, the Plaintiff has been damaged as she has suffered unpaid wages.

60. For some of the hours that the Plaintiff was not paid, this time would have been overtime hours for which the Plaintiff would be entitled to the unpaid wages paid as overtime hours, plus she would be entitled to liquidated damages as provided in the FLSA.

61. In essence, the Plaintiff is entitled to the unpaid wages based on a breach of contract.  However, to the extent that any of these hours would be overtime, then the Plaintiff should be paid said wages as overtime pay and would be entitled to an equal amount of liquidates damages.

COMPLAINT
*Kimberly McCartney v. Command Investigations, LLC*

Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **15** of **18**

62. As a result of the Defendant's breach, the Plaintiff had to file suit and has had to incur attorney fees and cost.   Plaintiff is entitled to reasonable attorney fees and cost.

WHEREFORE, Plaintiff, request judgment against Defendant as follows:

A.   Find that the Defendant breached the employment agreement by failing to pay the Plaintiff for all hours that she worked;

B.   Award Plaintiff her unpaid wages due to the breach;

C.   Award the Plaintiff overtime pay as appropriate, plus an equal amount if liquidated damages;

D.   Grant judgment against Defendant's for all damage, relief, or any other recovery whatsoever;

E.   Award Plaintiff reasonable costs and attorney's fees necessarily incurred herein.

## COUNT III
## BREACH OF CONTRACT

63. Plaintiff re-alleges paragraphs one (1) through sixty-two (62) above as if fully set forth herein.

64. Defendant agreed to pay the Plaintiff mileage reimbursement for traveling

COMPLAINT
*Kimberly McCartney v. Command Investigations, LLC*

Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **16** of **18**

while working for the Defendant.

65. Plaintiff turned in her travel mileage to the Defendant, but the Defendant failed and refused to pay same.

66. Defendant breached their agreement to pay the Plaintiff travel reimbursement.

67. Additionally, the Plaintiff had money deducted from her paycheck for her 401k and Roth. However, the money is not reflecting in the Plaintiff's E-Trust account. Also, the employer matches the employees contribution once the employee is employed for two years. The Defendant has not matched the Plaintiff's contribution to her 401k and/or Roth.

68. Defendant breached their agreement by not paying her 401k and/or Roth or transmitting her money into her retirement account.

69. As a result of the Defendant's breach, the Plaintiff has been damaged.

70. As a result of the Defendant's breach, the Plaintiff had to file suit and has had to incur cost.   Plaintiff is entitled to reasonable cost.

WHEREFORE, Plaintiff request judgment against Defendant as follows:

A.   Find that the Defendant breached the employment agreement by failing to pay the Plaintiff mileage.

COMPLAINT
*Kimberly McCartney v. Command Investigations, LLC*
Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **17** of **18**

    B.    Award Plaintiff her unpaid mileage.

    C.    Grant judgment against Defendant for all damage, relief, or any other recovery whatsoever.

    D.    Award Plaintiff reasonable costs necessarily incurred herein.

> Respectfully submitted,
>
> /s/ Jeremiah J. Talbott
> JEREMIAH J. TALBOTT
> Fla. Bar No. 0154784
> Law Offices of J.J. Talbott
> 900 East Moreno Street
> Pensacola, Fla. 32503
> (850) 437-9600
> (850) 437-0906 (facsimile)
> civilfiling@talbottlawfirm.com
> *Attorney for Plaintiffs*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all claims so triable.

> /s/ Jeremiah J. Talbott
> JEREMIAH J. TALBOTT, ESQ.

COMPLAINT
*Kimberly McCartney v. Command Investigations, LLC*

Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **18** of **18**