UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

_____

KIMBERLY McCARTNEY
AN INDIVIDUAL, ON BEHALF OF
HERSELF AND OTHERS
SIMILARLY SITUATED,

        Plaintiff,

v.                         CASE NO.: 3:22-CV-22077-MCR-HTC

COMMAND INVESTIGATIONS,
LLC,

        Defendant.
_____

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT
AND FOR ENTRY OF ORDER OF DISMISSAL**

Plaintiff Kimberly McCartney ("Plaintiff") and Defendant Command Investigations, LLC ("Defendant"), by counsel, jointly and respectfully request that this Court enter an Order approving the terms of the settlement the parties have reached with respect to Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and for dismissal of this action with prejudice, with each party to bear its/her own costs and attorney's fees. In support of this Motion, the parties state as follows:

1.      This action involves various claims and allegations by Plaintiff, including allegations of FLSA violations and retaliatory discharge. Although this case commenced as a potential collective action under the FLSA, the collective action was never pursued

131584839v1

by Plaintiff and never approved by this Court, and therefore the FLSA claims in this lawsuit are Plaintiff's individual claims, not collective action claims on behalf of others.

2. The parties have engaged in written discovery. Specifically, the parties served interrogatories, requests for production of documents and gathered and reviewed relevant documents, including Plaintiff's time and payroll records. Plaintiff has been deposed. Based on the discovery, including Plaintiff's own testimony, Plaintiff's FLSA claim for overtime pay (which is disputed by Defendant) totals less than $4,000.

3. Wishing to avoid the cost and uncertainty of continuing the litigation, and considering the amount of damages that Plaintiff alleges are owed to her, the parties negotiated a settlement of all of the claims set forth in Plaintiff's Complaint. The specific terms of the settlement are embodied in the Settlement and Release Agreement, which is attached as Exhibit A.

4. The parties have been represented and assisted by counsel during the lawsuit and negotiation of the settlement, and they have had the benefit of their attorneys' counsel and advice.

5. The Settlement and Release Agreement is not an admission by any party of the validity of any allegations, claims, or defenses in this lawsuit, but represents the compromise of disputed claims that the parties recognize would require litigation to determine. The parties also recognize that there are significant costs and risks to both sides in continuing with protracted litigation.

6. The Settlement and Release Agreement was negotiated on behalf of all parties and the terms reflect a reasonable compromise of the parties' dispute. The Settlement and Release Agreement fairly and reasonably compromises each party's interests, benefits, and rights, in accordance with the policy considerations set forth in *Lynn's Food Stores, Inc. v. United* States, 679 F.2d 1350, 1352-54 (11th Cir. 1982) (*citing Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)), the oft-cited case holding that district courts should approve a settlement if it was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties. This is particularly true where, as here, the parties have engaged in extensive arms-length negotiations.

7. Plaintiff's FLSA claim is premised primarily on the allegation that she was not paid for all hours worked. In particular, Plaintiff alleges that hours worked were not properly recorded in Defendant's payroll records. In its defense, Defendant denies Plaintiff's allegations and contends that Plaintiff was responsible for recording her own time entries and that, despite repeated instruction from Defendant, Plaintiff recorded her time entries improperly and late, including after the deadline for submitting time entries for payroll processing purposes.

8. Recognizing the FLSA claim represents only a portion of Plaintiff's claims, and because it is difficult to precisely calculate the amount of wages to which Plaintiff believes she is entitled, the parties agreed to a good faith allocation of funds attributable

to the alleged FLSA violations (*i.e.*, $5,000, as reflected in the Settlement and Release Agreement), which is fair and reasonable under the circumstances.

9. Additionally, the Plaintiff filed suit for breach of contract and retaliatory discharge. Specifically, with regard to the breach of contract, the Plaintiff alleged that the Defendant failed to compensate the Plaintiff for various expenses, which total approximately $1,500.00. Although the Defendant disputes same, they have agreed to pay the Plaintiff an additional $2,000.00 as payment for all other damages for which the Plaintiff claims that she is entitled to and for which a general release is provided.

10. The attorneys' fees and cost paid under the Settlement Agreement of **$14,000** is fair and reasonable.[1] Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiff is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Collins v.*

---

[1] The Plaintiff's undersigned attorney as senior and lead counsel has *over* 35 hours in this case at a rate of $425 an hour, plus expenses of approximately $600.00. The attorneys' fees and cost paid by the Defendants of **$14,000** is significantly compromised. Plaintiff's counsel contends that the hourly rates are very reasonable in this case and are consistent with what counsel has been awarded in their legal community, is consistent with what they have been awarded in other cases and is what should be awarded in this case. See *Maria Rodriguez, et al v. Molina Healthcare of Florida, Inc.*, 4:16-cv-801-RH-CAS (N.D. Fla. September 4, 2019) (Order awarding Jeremiah Talbott attorney's fees at the rate of $400 per hour in a litigated collective action case); *Gayle v. Front Porch Tallahassee*, LLC, 4:15 cv 329-MW-CAS (N.D. Fla. Oct. 23, 2015 [Doc. 10]) (Order awarding Jeremiah Talbott attorney's fees at the rate of $350 per hour in a non collective action case [Doc. 17]); *Thompson v. Healthy Home Environmental, LLC*, 8:15-cv-2905-T-271ss (M.D. Fla. July 27, 2017 [Doc. 20]) (Order awarding Jeremiah Talbott attorney's fees at the rate of $350 per hour in a non collective action case).

*Barney's Barn, Inc.*, Case No. 4:12-cv-685-SWW (E.D. Ark. 10/16/2014) ("An award of attorney's fees and costs to the prevailing employee is mandatory under § 216(b), but the amount of the award is within the discretion of the court."). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require approval of settled attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019). Nevertheless, a district court does retain the authority to ensure that the attorneys' fees were "negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client." *Id.*

**11.** The Settlement and Release Agreement provides that the parties will request that the Court dismiss this matter with prejudice. A proposed Order is attached as <u>Exhibit B</u>.

WHEREFORE, the parties request that the Court approve the Settlement and Release Agreement and ender an Order dismissing all claims with prejudice, with each party to bear its/her own costs and attorney's fees.

*Respectfully submitted,*

| | |
|---|---|
| /s/ *Thomas R. DeVoe* | /s/ *Jeremiah Talbott* |
| Thoams R. DeVoe | Jeremiah Talbott |
| tdevoe@taftlaw.com | jjtalbott@talbottlawfirm.com |
| Taft Stettinius & Hollister LLP | Law Office of J.J. Talbott |
| One Indiana Square, Suite 3500 | 900 East Moreno Street |
| Indianapolis, IN 46204 | Pensacola, FL 32503 |
| Telephone: 317-713-3591 | Telephone: 850-437-9600 |

131584839v1

*Counsel for Defendant*              *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed electronically this 25th day of April, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                           */s/ Jeremiah Talbott*
                                           Jeremiah Talbott
                                           *Attorney for Plaintiff*

# Exhibit A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement"), dated and effective as of the date fully executed by the parties below ("Effective Date"), is entered into by and between Kimberly McCartney ("McCartney") and Command Investigations, LLC ("Command").

### Recitals

A.   On November 1, 2022, McCartney filed a lawsuit against Command in the United States District Court for the Northern District of Florida, pending under Cause No. 3:22-CV-22077-MCR-HTC (the "Lawsuit").  In the Lawsuit, McCartney alleges, among other things, claims under the Fair Labor Standards Act, breach of contract, and retaliatory discharge (the "Claims").

B.   The parties desire to settle and resolve their differences relating to the Lawsuit, the Claims, and all other claims the parties may have against each other.

### Agreement

NOW, THEREFORE, in consideration of the premises, the mutual covenants contained herein and each act done pursuant hereto, the parties agree as follows:

1.   <u>Settlement Amount</u>.  Within fifteen (15) days after the dismissal of the Lawsuit, Command shall pay McCartney and her counsel the total sum of $21,500 as follows ("*Settlement Amount*"):  (a) $5,000 McCartney by direct deposit, subject to required withholdings, payable to McCartney to be reported as w-2 income, (b) $2,500 by direct deposit, with no withholdings, and (c) $14,000 by check, with no withholdings, payable to the "Law Office of J.J. Talbott", to be reported as 1099 income.  The parties acknowledge that for tax purposes, the settlement payment under clause (a) is allocated to the settlement of McCartney's claims for front and back wages, including overtime pay, liquidated damages and retaliatory discharge; the payment under clause (b) is allocated to McCartey's claims for unreimbursed expenses; and the payment under clause (c) is allocated to the claims for recovery of attorneys' fees.

2.   <u>Mutual Release</u>. McCartney and Command each hereby RELEASES AND FOREVER DISCHARGES the other, including their respective officers, members, managers, agents, insurers, employees, representatives, and attorneys, in their representative as well as their individual capacities, and all of Command's parents, affiliates, related companies, predecessors, successors and assigns, from any and all claims, demands, damages, costs, expenses, and causes of action of any kind or nature, whether known or unknown, including without limitation any claims alleging violation or breach of any federal, state, or local statute, regulation, ordinance, or common law, and/or breach of any contract, including, specifically, without limitation, any claims alleging violations of the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans With Disabilities Act, the National Labor Relations Act, Florida wage and hour laws, all as amended, that each party has or may have on account of or arising out of or in any way related to (a) McCartney's employment with Command, (b) the termination of McCartney's employment with Command, (c) the Lawsuit, (d) the Claims, and/or

(d) any and all matters or events occurring prior to the effective date of this Agreement. McCartney is not prohibited from filing a charge of discrimination with the EEOC or similar state or local administrative agency. McCartney acknowledges and agrees, however, that in the event she files such a charge she waives any right to collect any individual monetary recovery of any kind.

4. <u>No Admission</u>. It is understood and agreed by the parties that this Agreement does not constitute an admission by any party that it or she has violated any statute or law, committed any unlawful act, or breached any contract.

5. <u>Additional Acknowledgments, Covenants and Agreements by McCartney</u>. McCartney FURTHER ACKNOWLEDGES, COVENANTS AND AGREES as follows:

    a. McCartney has received all compensation and other benefits she was entitled to by virtue of her employment with Command;

    b. McCartney will not seek or maintain, now or at any time in the future, an employment relationship with Command (including any of its current or future parents, subsidiaries, affiliates, predecessors, successors, or assigns).

    c. McCartney has read and understands this Agreement, and she executes it voluntarily and of her own free will; and

    d. McCartney's execution of this Agreement is in consideration of something of value to which she would not otherwise be entitled.

6. <u>Dismissal of Lawsuit</u>. Upon execution of this Agreement, the parties shall request the Court to approve the terms of this Agreement and dismiss the Lawsuit with prejudice, with each party to bear its/her own costs and attorney's fees.

7. <u>No Transfer of Released Claims</u>. McCartney represents and warrants that no portion of any claim, right, obligation, cause of action or other matter she has released in this Agreement has been assigned or otherwise transferred to any other person or entity, either directly or by way of subrogation or operation of law.

8. <u>General Terms</u>. This Agreement sets forth the entire agreement between the parties with respect to the subject matter of this Agreement and fully supersedes all prior negotiations, representations and agreements, whether written or oral, between the parties with respect to the subject matter of this Agreement. This Agreement may be modified only by written agreement of the parties. The terms and conditions of this Agreement shall extend to, be binding upon and inure to the benefit of the heirs, administrators, representatives, executors, successors and assigns of the parties. This Agreement shall be construed in accordance with and pursuant to the internal laws of the State of Florida, without regard to conflict of laws principles. If any term or condition of this Agreement is applied to any party or to any circumstance that is adjudged to be illegal, invalid or inoperable, that illegality, invalidity or inoperability shall not affect the remainder of the Agreement, its validity or enforceability. Each party has had an ample opportunity to make suggestions or changes to the terms and conditions in this Agreement. The terms and conditions

of all parts of this Agreement shall in all cases be construed as a whole, according to their fair meaning, and not strictly for or against any drafter. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

    The parties knowingly and voluntarily sign this Agreement as of the dates set forth below.

| Command Investigations, LLC | Kimberly McCartney |
|---|---|
| By: _____ *[signature]*<br>Signature | _____ *[signature]*<br>Kimberly McCartney (Apr 22, 2024 16:30 CDT)<br>Signature |
|    Jason Chofooklun COO<br>Printed Name and Title | |
| Dated: 04/24/24 | Dated: 22-Apr-2024 |

3

COMMAND / MCCARTNEY SETTLEMENT AGREEMENT

# Command _ McCartney Settlement Agreement.docx-131584699-v1

Final Audit Report 2024-04-22

| | |
|---|---|
| Created: | 2024-04-12 |
| By: | Paralegal4 Talbott (paralegal4@talbottlawfirm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAx3LvXNQQHIdWvV0caszSE-eWPoVUmaSd |

## "Command _ McCartney Settlement Agreement.docx-131584699-v1" History

- Document created by Paralegal4 Talbott (paralegal4@talbottlawfirm.com)
  2024-04-12 - 6:38:04 PM GMT

- Document emailed to Kimberly McCartney (kimberlymccartney32571@gmail.com) for signature
  2024-04-12 - 6:38:08 PM GMT

- Email viewed by Kimberly McCartney (kimberlymccartney32571@gmail.com)
  2024-04-12 - 8:56:10 PM GMT

- New document URL requested by Kimberly McCartney (kimberlymccartney32571@gmail.com)
  2024-04-22 - 6:30:13 PM GMT

- Email viewed by Kimberly McCartney (kimberlymccartney32571@gmail.com)
  2024-04-22 - 6:30:24 PM GMT

- Document e-signed by Kimberly McCartney (kimberlymccartney32571@gmail.com)
  Signature Date: 2024-04-22 - 9:30:28 PM GMT - Time Source: server

- Agreement completed.
  2024-04-22 - 9:30:28 PM GMT

Adobe Acrobat Sign

# Exhibit B

UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

_____

KIMBERLY McCARTNEY
AN INDIVIDUAL, ON BEHALF OF
HERSELF AND OTHERS
SIMILARLY SITUATED,

      Plaintiff,

   v.                      CASE NO.: 3:22-CV-22077-MCR-HTC

COMMAND INVESTIGATIONS,
LLC,

      Defendant.

_____

**ORDER APPROVING SETTLEMENT AGREEMENT
AND DISMISSING COMPLAINT WITH PREJUDICE**

This matter came before the Court on the parties' Joint Motion for Approval of FLSA Settlement and for Entry of Order of Dismissal. The Court has reviewed the Settlement and Release Agreement and concluded that it is fair and reasonable. IT IS THEREFORE ORDERED that the parties' motion to approve the settlement agreement is GRANTED and that this matter is DISMISSED WITH PREJUDICE, with each party to bear its own costs and attorney's fees.

                 IT IS SO ORDERED.

                 _____
                 UNITED STATES DISTRICT JUDGE