UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KIMBERLY McCARTNEY,

    Plaintiff,

v.                                    CASE NO. 3:22-cv-22077-MCR-HTC

COMMAND INVESTIGATIONS,
LLC,

    Defendant.
                                      /

**ORDER**

On November 1, 2022, Plaintiff Kimberly McCartney filed suit against Defendant Command Investigations, LLC ("Command Investigations") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Subsequently, the parties filed the now-pending Amended Joint Motion for Approval of FLSA Settlement Agreement, *see* ECF No. 33. After careful review, the Court will grant the motion, approve the settlement, and dismiss the case with prejudice.

"Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). The Eleventh Circuit explained in *Lynn's Food Stores* that claims for back wages under the FLSA may be settled or compromised only when the Department of Labor

supervises the payment of back wages or when the court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. More precisely, courts must determine whether a compromise of a FLSA claim for wages represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. In a comprehensive review of *Lynn's Food Stores* and the principles underlying the FLSA, the Middle District of Florida described this inquiry as involving both internal and external factors. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241–43 (M.D. Fla. 2010). The internal factors include whether (1) the compromise is fair and reasonable to the employee, (2) the compromise resolves a bona fide dispute, (3) a confidentiality provision contravenes FLSA policy, (4) the compromise involves a prospective waiver of FLSA rights, and (5) the compromise awards reasonable attorney's fees. *See id.* The external factors include whether the compromise otherwise frustrates the implementation of the FLSA, requiring the court to consider matters such as whether other employees are similarly situated or whether either the employer or the industry has a history of noncompliance. *Id.* at 1243-44. Additionally, in deciding the reasonableness of a compromise, the stage of the proceedings and amount of discovery completed must be considered, as well as the complexity of the claim, probable success on the claim, the range of possible recovery, and the opinions of counsel. *See id.* at 1241.

In the Complaint, McCartney alleges that she worked for Command Investigations as an investigator in Santa Rosa County, Florida, during the three-year period preceding November 1, 2022. ECF No. 1 at 2-3. McCartney also alleges that Command Investigations failed to pay her for all overtime hours worked, in violation of the FLSA. Command Investigations disputes these claims and denies liability. The parties represent that, to avoid the risks of litigation, they have compromised and reached a fair and equitable resolution of McCartney's claims.[1] The proposed settlement agreement provides that Command Investigations will pay McCartney a total of $7,500.00, inclusive of unpaid wages and liquidated damages. *See* 29 U.S.C. § 216(b). Additionally, Command Investigations agrees to pay $14,000.00 in attorney's fees and costs. *See* ECF No. 33 at 6 (stating that "[t]he payment of attorneys' fees and costs were discussed and negotiated separately from the settlement payment . . . and without regard to the amount to be paid").

Having fully reviewed the matter, the Court finds that the proposed settlement agreement is fair and reasonable. The parties have compromised a *bona fide* dispute through an adversarial process, with the aid of experienced counsel. There is no confidentiality agreement that would contravene FLSA policy and no prospective

---

[1] While the case began as an FLSA potential collective action, "the collective action was never pursued . . . and never approved by this Court." ECF No. 33 at 2.

waiver of FLSA claims. Additionally, the attorney's fees and costs are not unreasonable on their face and were stipulated by both parties without regard to the amount paid to McCartney. Thus, there is no reason to believe that the attorney's fees and costs adversely influenced the amount of recovery on McCartney's FLSA claims. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Finally, approving the proposed settlement agreement will promote the policy of encouraging the settlement of litigation. *See Lynn's Food Stores*, 679 F.2d at 1354. Also, based on the parties' settlement and request for dismissal, the case will be dismissed with prejudice, and the Court will retain jurisdiction over the interpretation and implementation of the settlement agreement for a limited time.

Accordingly, the Amended Joint Motion for Approval of FLSA Settlement, ECF No. 33, is **GRANTED**. The case is **DISMISSED with prejudice** pursuant to the parties' settlement agreement but the Court retains jurisdiction over the interpretation and implementation of the settlement agreement for a period of sixty (60) days. The Clerk is directed to close the file.

**DONE AND ORDERED** this 26th day of June 2024.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3:22-cv-22077-MCR-HTC